VEAL v. THE KEELY COMPANY.

A firm may execute a mortgage upon its stock of goods or other assets to secure the payment of an individual debt of one of its members. More especially would this be so when such debt has been made, by agreement between the members of the firm, a partnership debt.

November 10, 1890.

Money rule. Mortgages. Partnership. Before Judge RICHARD H. CLARK. DeKalb superior court. February term, 1890.

Reported in the decision.

SIMMONS & CORRIGAN, for plaintiff in error.

COX & REED, W. M. RAGSDALE and J. B. STEWARD, contra.

BLANDFORD, Justice.

This was a contest for money in the hands of the sheriff. W. J. Veal claimed the money under the foreclosure of a mortgage against Veal & McClelland, dated January 6th, 1890, and duly recorded. The Keely Company claimed the money upon the foreclosure of a mortgage against Veal & McClelland, dated January 7th, 1890, and duly recorded. The court awarded the money to the Keely Company, and W. J. Veal excepted to this ruling of the court.

It appears from the record in this case that L. O. Veal, of the firm of Veal & McClelland, borrowed certain money from W. J. Veal, the plaintiff in error, which he put in as a part of his share of the capital stock of the firm of Veal & McClelland; that McClelland, his partner,

having drawn from the assets of the firm an amount greatly in excess of his share, L. O. Veal proposed to draw out enough from the funds of the firm to pay the money he owed W. J. Veal, his father; thereupon it was agreed between L. O. Veal and McClelland, composing the firm of Veal & McClelland, to allow the money to remain in the business of the firm upon the condition that Veal & McClelland would make and execute their mortgage to W. J. Veal to secure the payment of the money which his son, L. O. Veal, had borrowed; notes for the amount were executed by the firm of Veal & McClelland, and a mortgage to certain of the stock of goods of Veal & McClelland was given to W. J. Veal to secure the payment of the same.

We think it beyond question that a firm may execute a mortgage upon the firm's stock of goods, or other assets, if they think proper to do so, to secure the payment of an individual debt of one of the members of the firm. More especially would this be so when it appears that such debt has been made, by agreement between the members of the firm, a partnership debt. It is laid down by Jones on Chattel Mortgages, section 44, that: "A mortgage by partners upon partnership property to secure an individual debt of one of the partners is valid. The rule preferring partnership property for the payment of partnership debts is for the benefit of the partners, and they may waive it. The giving of such a mortgage is itself a waiver. The partners, while the partnership property is still under their control, have power to appropriate it to secure their individual debts. The mere preference of individual debts by mortgage to secure them over partnership debts is not such a fraud upon partnership creditors that a court of equity will set it aside. The partnership creditors have no lien on the property of the partnership, if the partners themselves have none." The rule laid down in this section is sus-

tained by the authorities cited, and we think this principle applies to the present case. And therefore, as it appears that the mortgage of W. J. Veal was the oldest lien upon the property sold, which brought the money into court, we think that the money in the hands of the sheriff should have been first applied to this mortgage.

*Judgment reversed.*