## McRAE & COMPANY *v.* CAMPBELL.

A promissory note executed in the name of a mercantile firm by one of its members to pay his individual debt, and accepted by the payee with knowledge of the facts, is not the contract of the firm, and it is not primarily liable therefor. Such contract, however, when ratified and adopted by the other members, becomes inter partes a valid debt against the firm.. Whether such ratification has in fact been made is a question for the jury; and where the evidence upon this question is conflicting, and there is evidence sufficient to support the finding, a new trial will not be ordered.

Submitted June 3, — Decided July 8, 1897.

Appeal. Before Judge Smith. Telfair superior court. April term, 1896.

H. W. Campbell, as transferee, sued E. A. McRae & Company, E. A. McRae, John W. Achord and John F. McRae Jr., in a justice's court, upon a promissory note for $63.91 principal, dated June 2, 1893, signed: E. A. McRae & Company,

H. W. Campbell security, payable to the order of Folsom & Gregory, and endorsed as follows: "The amount of the within note having been paid by H. W. Campbell, sec., in consideration thereof we hereby transfer the same to him for value received. This March 7, 1895. Folsom & Gregory." The defendants E. A. McRae and John W. Achord pleaded non est factum; that the consideration of the note was a private debt of John F. McRae Jr., one of the partners of the above firm, and that the same was executed without their knowledge and consent; that the same was not a firm transaction, nor within the legitimate scope of the business of the firm, and the action of said John F. McRae Jr. has never been ratified by either one of them. Also, that no benefit has ever been received by them or either of them from the execution of said note. The case was taken to the superior court by appeal; and upon the. trial in that court there was a verdict against the defendants for the principal sum sued for, and interest from the maturity of the note. They made a motion for a new trial, upon the grounds that the verdict was contrary to law, evidence, etc.; and to the overruling of the motion they excepted.

The plaintiff introduced the note sued on, and proved the execution of the same. He testified: The firm of E. A. McRae & Company was composed of E. A. McRae, John F. McRae and John W. Achord. E. A. McRae & Company executed a bill of sale to him of 300,000 shingles, the output of "the mill," and the shingles were seized and levied on by an officer, under an execution; and in order to have. the shingles released, he and John F. McRae Jr. executed the note sued on, in settlement of the execution, he signing as security. He spoke to John W. Achord several days afterwards about the note. Sometime after this he saw Achord at his mill, at the. time the bill of sale was given, and Achord said the bill of sale of the shingles would be sufficient to pay account of E. A. McRae & Company and this note sued on. Sometime after this, probably a year, he asked Achord to pay the note, and Achord told him he would not do it. E. A. McRae told him to take up the note and that he would pay it. Plaintiff knew that the fi. fa. which had been levied on the shingles

was for an individual debt of John F. McRae Jr.   Plaintiff paid the amount of the note to Folsom & Gregory, and they transferred the note to him.   He told John F. McRae Jr., that he would not sign the note with him individually, but would sign it if he would sign the name of E. A. McRae & Company to the note, which he did.   John F. McRae was manager for the firm and transacted the business of the firm. He got only five cars of the shingles conveyed in the bill of sale, which he gave credit for.

John F. McRae Jr. testified:   The note was given in settlement of a private debt he owed Folsom & Gregory.   At the time the shingles were seized and levied on, they had already been conveyed to H. W. Campbell by bill of sale, to pay an open account which the firm of E. A. McRae & Company owed H. W. Campbell & Company.   The business of E. A. McRae & Company was to manufacture shingles, and not to pay the private debts of the partners.   The mill of E. A. McRae & Company had been shut down for two or three weeks at the time the note was given.   H. W. Campbell sold all of the shingles and received all the money for the same.

E. A. McRae testified:   He did not know there was such a note in existence until he was sued on it.   He did not at any time tell H. W. Campbell that he would pay the note, and has never ratified the action of John F. McRae Jr. in executing it.

John W. Achord testified:   He did not know of the existence of the note until a long time after it was given, and never told H. W. Campbell that he would pay it.   The firm was never benefited by the execution of the note.   At the time the note was given Campbell held a bill of sale to all of the shingles that were manufactured by E. A. McRae & Company. Witness did not at any time ratify the action of John F. McRae Jr. in executing the note.   Campbell told witness that he held the note a long time after it was given.   He never told Campbell whether he would pay it or not.   Did not tell him he would not pay it or make any kick.

*Eason & McRae*, for plaintiffs in error.

*D. C. McLennan*, contra.

LITTLE, J.   A member of a mercantile firm who executes a promissory note in the name of his firm, and delivers it to his creditor in payment of an individual debt, does not bind his copartners for its payment while it is in the hands of the payee, his original creditor.   It is, however, entirely competent for the other members of his firm to adopt such note as their own debt jointly with the maker, and when so done, payment of the note after maturity may be enforced against the firm.   *Veal* v. *Keely Co.*, 86 *Ga.* 130.

The evidence in the present case was conflicting on the question of the adoption of the debt, and ratification of the note executed in the firm name, by the other members of the firm; and the jury returned a verdict for the plaintiff, which settled the issues of fact involved.

*Judgment affirmed.   All the Justices concurring.*